UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRUCE F. LYNCH,

        Plaintiff,

   v.                                    Case No.

RANDY BIALCIK, NORTHWEST AIRLINES, INC.
and COMPASS AIRLINES, INC.,

        Defendants.

## NOTICE OF REMOVAL

TO:   David H. Weber
       Liebmann, Conway, Olejniczak & Jerry, S.C.
       231 South Adams Street
       P.O. Box 23200
       Green Bay, WI  54301

       Lisa Wilson
       Clerk of Court
       Brown County Courthouse
       100 South Jefferson Street
       P.O. Box 23600
       Green Bay, WI  54305-3600

**PLEASE TAKE NOTICE** that Defendants, Randy Bialcik, Northwest Airlines, Inc.

("Northwest Airlines") and Compass Airlines, Inc. ("Compass"), pursuant to 28 U.S.C. §§ 1331,

1367,  1441 and 1446, hereby remove this case to the United States District Court for the Eastern

District of Wisconsin, and respectfully states the grounds for removal as follows:

      1.     On November 21, 2008, Plaintiff Bruce F. Lynch filed this action, <u>Bruce F. Lynch</u>

<u>v. Randy Bialcik, Northwest Airlines, Inc. and Compass Airlines, Inc.</u>, with the State of

Wisconsin, Brown County Circuit Court.  On December 1, 2008, Plaintiff served Defendant

QB\7102015.3

Bialcik with the Complaint and Summons in this matter.  On December 2, 2008, Plaintiff served

Northwest Airlines and Compass with the Complaint and Summons in this matter.  A copy of

this Complaint and Summons is attached hereto as Exhibit A.  This complaint alleged claims of

breach of contract, breach of the implied covenant of good faith and fair dealing and tortious

interference.

2.	After Plaintiff's counsel was notified that Defendants intended to remove this

action to federal court and that it believed his claims were preempted, Plaintiff filed an amended

complaint which asserted claims of breach of the implied covenant of good faith and fair dealing,

tortious interference and civil conspiracy.  A copy of this Amended Complaint and Summons is

attached hereto as Exhibit B.

3.	Defendants have not received or served any other process or pleading in this

action.  All Defendants join in the notice to remove this matter to federal court.  On December

30, 2008, Defendants served a copy of this Notice of Removal upon Plaintiff's attorney.

4.	As the original Complaint in this matter clearly demonstrated, the basis for

Plaintiff's claims is a collective bargaining agreement entered into between Lynch's exclusive

bargaining representative  the International Association of Machinists and Aerospace Workers,

and Northwest Airlines.  This collective bargaining agreement covers employees represented by

the International Association of Machinists and Aerospace Workers, including Bruce F. Lynch,

who worked for Northwest Airlines.  Plaintiff originally essentially asserted that Northwest

Airlines breached this collective bargaining agreement when it terminated him and that Compass

and Bialcik conspired in creating that breach.  *See* Ex. A.  In an apparent effort to avoid

removal, Plaintiff deleted the breach of contract claim, but the Amended Complaint still asserts

claims based upon the rights contained in the collective bargaining agreement, including the

claim that Bialcik and Compass intentionally interfered with those rights.  *See* Ex. B.

5.      This case is removable to the United States District Court under 28 U.S.C. §§ 1441 (b) and (c).  Plaintiff's causes of action arise under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151, *et seq.* and 181 *et seq.*, which applies to airlines and establishes a scheme of compulsory arbitration for so-called minor disputes, which include disputes over an individual's job.  The contract at issue in this case is a collective bargaining agreement and, therefore, all of the claims – which turn on whether the employment relationship as defined by that contract was interfered with or whether the parties attempted to avoid it – require an interpretation of its terms.  Indeed, the parties could not have conspired to avoid that contract or interfere with an employment relationship based upon that contract if the collective bargaining agreement allowed for Plaintiff's termination in the circumstances at issue.  As a result, the suit arises under the RLA and is removable to federal district court. *Andrews v. Louisiana & Nashville R.R.,* 406 U.S. 320 (1972), (allowing removal under the RLA where a railroad worker brought a suit in state court for wrongful discharge under state law; the Court held that since the RLA occupies the field of such disputes, the case really arose under the RLA and not under state law, and it could therefore be removed); *Griffin v. Air Line Pilots Ass'n*, 32 F.3d 1079, 1084 (7th Cir. 1994) (finding claim of tortious interference was preempted by RLA); *Held v. American Airlines et al*, 2007 WL 433107  (N.D. Ill January 31, 2007) (finding claim of tortious interference against individual defendants employed by Company which was a party to the collective bargaining agreement at issue was preempted by RLA).

6.      Because this action is founded on a claim of right arising under the laws of the United States, it may be removed to this Court under the provisions of 28 U.S.C. §§1331, 1441 and 1446.

7.      To the extent that the claims against Defendants and/or the claims asserted in the Amended Complaint are not preempted under the RLA, they are removable pursuant to 28 U.S.C. §§ 1367 and 1441(c) as the claims are part of the same case or controversy as those which are preempted by the RLA.

8.      This Notice of Removal is timely.  Defendant Bialcik – the first Defendant to be served in this case - was served with the Complaint and Summons on December 1, 2008.  As required by 28 U.S.C. § 1446(b), 30 days have not elapsed between the receipt of the Complaint and Summons and the filing of this Notice of Removal.

9.      By filing this Notice, Defendants do not waive any defense that may be available, specifically including, but not limited to, improper service of process, lack of subject matter jurisdiction, and the propriety of venue in this Court or in the Court from which this action has been removed and Defendant intends to seek costs relating to the filing of this action.

10.     The undersigned certifies that a copy of the Notice of Removal has been sent to the Clerk of Circuit Court for Brown County, and to Plaintiff's counsel.

WHEREFORE, Defendants request that this matter, now pending before the State of Wisconsin Circuit Court, Brown County, be removed to this Court.

Dated:  December 30, 2008.

s/ Judith Williams-Killackey _____
JUDITH A. WILLIAMS-KILLACKEY
Wisconsin Bar No. 1029928
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee WI  53202-4497
Telephone:   (414) 277-5439
Facsimile:   (414) 978-8702
E-mail: jkillack@quarles.com
Attorneys for Defendants