UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRUCE LYNCH,

    Plaintiff,

v.                                                                  Case No. 08-C-1127

RANDY BIALCIK, et al.,

    Defendants.

## DECISION AND ORDER

Bruce Lynch brought suit in state court alleging three common law causes of action: breach of the covenant of good faith and fair dealing; tortious interference with employment relationship; and civil conspiracy. The Defendants removed the action to federal court on the grounds that these state law causes of action were actually federal claims. They argue that Lynch's claims are completely preempted by the Railway Labor Act ("RLA") and thus that federal court is an appropriate forum to resolve the claims. Plaintiff disagrees and has filed a motion to remand. Defendants have also moved to dismiss, and Plaintiff has filed a motion for leave to amend the complaint in the event his motion for remand is not granted. I conclude that the motion for remand should be granted because removal to this court was improper. Accordingly, I do not consider the other motions.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a). Moreover, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Under the "artful pleading doctrine," a corollary to the well-pleaded complaint rule, "a plaintiff may not frame his action under state law and omit federal questions that are essential to recovery." *Franchise Tax Board v. Construction Laborers Vacations Trust,* 463 U.S. 1, 22 (1983). Thus, a federal court may, in some situations, look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law. *Burda v. M. Ecker Co.,* 954 F.2d 434, 438 (7th Cir. 1992). Where he has, the case will be found removable. *Id.*

The Defendants first argue that a federal question exists "on the face" of the amended complaint, but in reality they really mean just the opposite: the face of the complaint is explicitly and deliberately devoid of any federal questions or causes of action. The crux of the Defendants' argument is that *despite* what is pled on the face of the complaint, the causes of action may sound only in federal law. This is an invocation of the artful pleading doctrine, which prohibits plaintiffs from cloaking federal claims in state law garments in order to avoid federal jurisdiction. Under the doctrine of complete preemption, removal of some claims (ERISA being the most prominent) is proper regardless of the plaintiff's efforts to artfully draft his claims in state law terminology. *Blackburn v. Sundstrand Corp.,* 115 F.3d 493, 495 (7th Cir. 1997).

2

Complete preemption is rare, however, a doctrine invoked more often than applied. *ARCO Environmental Remediation, L.L.C. v. Department of Health and Environmental Quality of Montana,* 213 F.3d 1108, 1114 (9th Cir. 2000). Defendants do have some support for complete preemption under the RLA, namely, *Graf v. Elgin, Joliet and Eastern Ry. Co.,* 790 F.2d 1341, 1347 (7th Cir. 1986). There, the Seventh Circuit found that the RLA, like the Taft-Hartley Act, completely preempted a plaintiff's claim for wrongful discharge under Illinois law. But *Graf* is twenty-three years old, Plaintiff notes, and since then courts have been increasingly stingy in applying the complete preemption doctrine. One of the signal changes occurred in 2003, when the Supreme Court decided *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1 (2003). There, the Court found that parts of the National Bank Act, 12 U.S.C. §§ 85 and 86, completely preempted state law usury claims. *Id.* at 9. But in doing so, the Court noted that it had found only two other federal statutes that completely preempted state law claims: ERISA, and § 301 of the Labor Management Relations Act. *Id.* at 7-11. By excluding the RLA and any other federal statutes from the exclusive club of complete preemption, the Court appeared to be casting doubt on lower court decisions finding complete preemption in those contexts. This is perhaps especially true with respect to the RLA, because the Court had ruled on the RLA's preemptive effect a decade earlier in *Hawaiian Airlines v. Norris,* 512 U.S. 246, 261 (1994) (finding that when resolution of a state law claim depends on interpretation of a CBA, the claim is preempted (but not discussing whether it was *completely* preempted)).

Plaintiff relies principally on *Sullivan v. American Airlines, Inc.,* in which the Second Circuit made the same point. 424 F.3d 267 (2d Cir. 2005). Although a prior ruling of that Circuit had found complete preemption under the RLA, *Shafii v. British Airways, PLC,* 83 F.3d 566 (2d Cir.

3

1996), the panel in *Sullivan* overruled that holding, partly on the basis of *Beneficial Nat'l Bank*. The court found that the Court's exclusion of the RLA from its discussion of complete preemption was telling; it further found that the reasons underlying the complete preemption doctrine are not served by its application in the RLA context because minor disputes under the RLA cannot be filed in federal court at all. 45 U.S.C. § 153.

> As this case illustrates, allowing removal to federal court on complete-preemption grounds of state-law claims that also qualify as minor disputes under the RLA is internally inconsistent: the district court must have jurisdiction for removal to be proper, but the court must then dismiss the removed case because only adjustment boards, not federal courts, have primary jurisdiction over claims arising under the RLA. The latter negates the former. None of the three statutes that the Supreme Court has found to completely preempt covered state-law claims suffers from this inconsistency. When a state-law claim is removed to federal court because a section of the LMRA, ERISA, or the National Bank Act preempts it, the district court may then adjudicate the claim on the merits under the relevant preemptive statute.

*Id.* at 276.

This is exactly what has happened here: the Defendants removed the action to federal court and promptly filed a motion to dismiss on the basis that the claims were preempted by federal law and must be arbitrated. If complete preemption is such a rare and powerful doctrine, it seems downright odd that it would apply merely to allow a federal court to exercise the rather humdrum task of dismissing a case and sending it to an arbitrator. As *Sullivan* points out, the other instances of complete preemption allow cases to be removed to federal court and then proceed on their merits (under the preempting federal law), whereas here the result would be removal followed by immediate dismissal. Thus, both *Sullivan* and *Beneficial Nat'l Bank* cast doubt on the continued efficacy of *Graf*.

But these are not the only two cases. This year, the Ninth Circuit echoed the *Sullivan* court and found no complete preemption under the RLA.

4

>Our holding is buttressed by the Supreme Court's explanation that a federal statute must provide the "exclusive cause of action" for complete pre-emption to apply: Does the National Bank Act provide the exclusive cause of action for usury claims against national banks? If so, then the cause of action necessarily arises under federal law and the case is removable. If not, then the complaint does not arise under federal law and is not removable. *Beneficial Nat'l Bank,* 539 U.S. at 9.
>
>Accordingly, even though the petitioners' removal petition in *Beneficial National Bank* demonstrated that § 85 of the National Bank Act would provide a complete federal defense, removal was proper only in light of the "Court's longstanding and consistent construction of the National Bank Act as providing an exclusive federal cause of action for usury against national banks." *Id*. at 10.
>
>By contrast, the RLA does not provide an exclusive federal cause of action. Rather than allowing disputes between airlines and their employees that "grow [ ] out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions" to be filed initially in federal court, the RLA instead requires submission of such disputes to internal dispute-resolution processes and then to a division of the National Adjustment Board or an arbitration board selected by the parties.

*Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1245 (9th Cir. 2009).

Other circuits, such as the Sixth and Eleventh, have been following the trend as well. *See US Airways Master Executive, Council, Air Line Pilots Assoc., Int'l. v. America West Master Executive, Council, Air Line Pilots Assoc., Int'l.,* 525 F. Supp.2d 127, 134 (D.D.C. 2007) (collecting cases). Based on these cases, I am satisfied that *Graf* is no longer good law in this circuit.[1] Accordingly, I cannot find that the RLA completely preempts state law causes of action.

---

[1] I am sensitive to the mandate that district courts generally must follow court of appeals' precedents until those have been expressly overturned. *Donohoe v. Consol. Operating & Prod. Corp.,* 30 F.3d 907, 910 (7th Cir. 1994). This is not a matter merely of an emerging "trend" or a typical circuit split, however; nor is it a district court's "disagreement" with its governing circuit in favor of the opinions of other circuits. Instead, the trend is based on those courts' interpretations of the import of a more recent Supreme Court case. "A district judge should not wait for a signal from the Court of Appeals before following the Supreme Court's rulings." *United States Equal E.E.O.C. v. Sidley Austin Brown & Wood LLP,* 406 F. Supp. 2d 991, 996 (N. D. Ill. 2005); *Wisconsin Bell, Inc. v. TCG Milwaukee, Inc.,* 301 F. Supp.2d 893, 898 (W.D. Wis. 2002).

5

If it preempts them at all, that is a defense that may be raised in state proceedings. *Graf,* 790 F.2d at 1345 (noting that if claims are preempted, but not *completely* preempted, "the case is really a state case, blocked by a federal defense.")

For the reasons give above, the motion to remand is **GRANTED**. The motion to dismiss is **DENIED** and the motion to amend is **DENIED** as moot. The case is **REMANDED** to the Brown County Circuit Court.

**SO ORDERED** this   14th   day of July, 2009.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge

6

Case 1:08-cv-01127-WCG   Filed 07/14/09   Page 6 of 6   Document 50